IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    v.                                                                 23-CR-6104-CJS

SHANE ANTHONY SCACCIA,

                Defendant.

**GOVERNMENT'S CALCULATION OF MAXIMUM SENTENCE
AND SENTENCING GUIDELINE RANGE**

THE UNITED STATES OF AMERICA, by and through its attorneys, TRINI E. ROSS, United States Attorney for the Western District of New York, and Brett A. Harvey, Assistant United States Attorney, in anticipation of the defendant pleading guilty to all counts of the Indictment, and pursuant to the suggestion of the Court of Appeals in *United States v. Pimentel*, 932 F.2d 1029, 1034 (2d Cir. 1991), hereby sets forth the maximum potential sentence to which the defendant will be exposed, and the present position of the government as to the calculations under the Sentencing Guidelines which will apply in this case. This analysis is set forth for informational purposes only and forms no part of any plea agreement between the government and the defendant.

**MAXIMUM SENTENCE**

1.    Count 1 of the Indictment charges a violation of Title 18, United States Code, Section 922(a)(1)(A) (dealing firearms without a license), for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years.

2.     Counts 2 through 5 of the Indictment each charge a violation of Title 18, United States Code, Section 922(o)(1) (possession and/or transfer of a machinegun), for which the maximum possible sentence for each count is a term of imprisonment of 10 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years.

**ELEMENTS OF THE OFFENSE**

3.     If this case proceeded to trial, the government would be required to prove the following elements beyond a reasonable doubt:

**Count 1 – 18 U.S.C. § 922(a)(1)(A)**

First, that the defendant was not licensed to deal firearms; and

Second, that the defendant willfully engaged in the business of dealing firearms.

A person is a "dealer" when he is "engaged in the business of selling firearms at wholesale or retail." 18 U.S.C. § 921(a)(11)(A).

**Counts 2-5 – 18 U.S.C. § 922(o)(1)**

First, that the defendant knowingly possessed or transferred a machinegun; and

Second, that the defendant knew, or was aware of, the essential characteristics of the firearm which made it a machine gun, as defined by 18 U.S.C. § 921(a).

A "machinegun" is defined as "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, *any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun . . .*" 26 U.S.C. § 5845(b) (emphasis added); *see* 18 U.S.C. § 921(a)(24).

### SENTENCING GUIDELINES CALCULATIONS

4. The government presently believes that the following Sentencing Guidelines will apply to this case:

### BASE OFFENSE LEVEL

5. Guidelines § 2K2.1(a)(4)(B) applies to the offenses of conviction and provides for a base offense level of 20. The government believes that this Guideline applies because the defendant was a prohibited person at the time of the instant offenses by virtue of his unlawful use of a controlled substance and the instant offenses involved firearms described in 26 U.S.C. § 5845(a).

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

6. The following specific offense characteristic applies:

   a. The six-level increase pursuant to Guidelines § 2K2.1(b)(1)(C) (offense involved 25 to 99 firearms).

### ADJUSTED OFFENSE LEVEL

7. Based on the foregoing and Guidelines § 3D1.2(d), the adjusted offense level for the offenses of conviction is 26.

### ACCEPTANCE OF RESPONSIBILITY

8. Assuming the defendant pleads guilty and allocutes to the satisfaction of the Court in a timely manner, thereby demonstrating acceptance of responsibility for his offense and permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently, a three-level decrease pursuant to Guidelines § 3E1.1 would be warranted.

**UPWARD DEPARTURE**

9. Application Note 11 of Guidelines § 2K2.1 provides, in pertinent part, that "[a]n upward departure may be warranted [where] the offense involved multiple National Firearms Act weapons," such as machineguns. The government may seek an upward departure under this provision based on the defendant's involvement in possessing and transferring multiple machineguns in this case.

**CRIMINAL HISTORY CATEGORY**

10. Based upon the information now available to the government, the defendant has four criminal history points, which are calculated as follows:

   a. On June 10, 2019, the defendant was convicted of Driving While Intoxicated (First Offense) in Greece Town Court and sentenced to two years' probation and a $500 fine. Pursuant to Guidelines § 4A1.1(c), this conviction results in one criminal history point.

   b. On July 2, 2018, the defendant was convicted of Petit Larceny in Clarkson Town Court and sentenced to three years' probation. Pursuant to Guidelines § 4A1.1(c), this conviction results in one criminal history point.

   c. On March 19, 2012, the defendant was convicted of Criminal Contempt in the Second Degree in Lima Town Court and sentenced to one year in jail. Pursuant to Guidelines § 4A1.1(b), this conviction results in two criminal history points.

In accordance with the above, the defendant's criminal history category is III.[1]

---

[1] Under Guidelines § 4A1.1(d), the defendant would also qualify for two criminal history points for committing the instant offenses while under a criminal justice sentence because he was on probation for his 2018 and 2019 convictions when he committed these offenses. The Sentencing Commission has published a proposed amendment to Guidelines § 4A1.1, which would authorize one criminal history point for committing an offense while under a criminal justice sentence only for offenders who otherwise have at least seven criminal history points. Under the amended Guidelines § 4A1.1(d), the defendant would not qualify for the additional criminal history point because he has only four criminal history points. The government has not included the two criminal history points under the current Guidelines § 4A1.1(d) in its calculations because it would not impact the defendant's criminal history category.

**SENTENCING RANGE**

11.	Based upon the calculations set forth above, with a total offense level of 23 and criminal history category of III, the defendant's sentencing range would be a term of imprisonment of 57 to 71 months, a fine of $20,000 to $200,000, and a period of supervised release of 1 to 3 years.

12.	The foregoing Sentencing Guidelines calculations are based on facts and information presently known to the government. Nothing in this document limits the right of the government to change its position at any time as to the appropriate Guidelines calculations in this action, and to present to the Court and Probation Office, either orally or in writing, any and all facts and arguments relevant to sentencing and to the defendant's offense level, criminal history category and sentencing range, which are available to the government at the time of sentencing. Nothing in this document limits the ability of the government to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action and to recommend a sentence above the Sentencing Guidelines range. Further, this document does not limit the right of the government to take a position on any departure or non-Guidelines sentence which may be suggested by the Court, the Probation Department, or the defendant.

13.	This document does not and cannot bind either the Court or the Probation Office either as to questions of fact or as to determination of the correct Guidelines to apply in this case. The sentence to be imposed upon the defendant will be determined solely by the Court. The government cannot and does not make any promise or representation as to what sentence the defendant will receive.

DATED:   Rochester, New York, July 5, 2023.

                                    TRINI E. ROSS
                                    United States Attorney

BY:    */s/ Brett A. Harvey*
           BRETT A. HARVEY
           Assistant United States Attorney
           United States Attorney's Office
           Western District of New York
           100 State Street, Suite 500
           Rochester, New York 14614
           585/399-3949
           brett.harvey@usdoj.gov